THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DENIS IVAN ORTEZ,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Case No. 4:23-cv-00023-DN<br><br>District Judge David Nuffer |

Movant Denis Ivan Ortez filed a motion seeking to challenge his conviction and sentence under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] On March 23, 2023, Mr. Ortez was ordered to file a brief by no later than April 21, 2023, showing cause as to why his § 2255 Motion should not be dismissed as untimely under § 2255's one-year statute of limitations ("Order to Show Cause").[2] Mr. Ortez failed to file a brief responding to the Order to Show Cause.

Therefore, because Mr. Ortez failed to respond to the Order to Show Cause, and because the record conclusively establishes that his § 2255 Motion is untimely under § 2255's one-year statute of limitations, Mr. Ortez's § 2255 Motion[3] is DENIED and DISMISSED with prejudice. A certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings is also DENIED.

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed Mar. 21, 2023.

[2] Order to Show Cause Re: Dismissal of § 2255 Motion as Untimely, docket no. 2, filed Mar. 23, 2023.

[3] Docket no. 1, filed Mar. 21, 2023.

## DISCUSSION

Section 2255 permits a federal prisoner to challenge a conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[4] And "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[5]

Mr. Ortez's § 2255 Motion and the record of his underlying criminal action[6] conclusively establish that Mr. Ortez is entitled to no relief. Section 2255 has "[a] 1-year period of limitation" upon which a federal prisoner must file a motion seeking relief from the conviction or sentence.[7] The limitation period runs from the later of:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[8]

---

[4] 28 U.S.C. § 2255(a).

[5] *Id*. § 2255(b).

[6] *United States v. Ortez*, No. 4:20-cr-00006-DN (D. Utah) ("Criminal Case").

[7] *Id*. § 2255(f).

[8] *Id*.

Mr. Ortez does not assert that governmental action prevented him from timely filing his § 2255 Motion. His § 2255 Motion is based on ineffective assistance of counsel,[9] not a newly recognized right by the Supreme Court. And the facts supporting Mr. Ortez's claim for relief (that he was not informed he would be deported)[10] were known to him at the time of his change of plea hearing, on August 3, 2020,[11] and at his sentencing, on October 14, 2020.[12] Therefore, the one-year limitations period for Mr. Ortez's § 2255 Motion began to run on the date his judgment of conviction became final.

Mr. Ortez was sentenced on October 14, 2020,[13] and judgment was entered on October 15, 2020.[14] Mr. Ortez waived his right to file a direct appeal as part of his plea agreement,[15] and he did not file a direct appeal to the Tenth Circuit Court of Appeals.

Where "the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."[16] And the time for appeal in a criminal case is 14 days after the entry of judgment.[17]

---

[9] § 2255 Motion ¶ 12 at 3-8.

[10] *Id*. ¶ 18 at 10; Declaration of Ortez in Support of Petitioner's Title 28 USC Section 2255 Petition ¶¶ 2-3 at 1, docket no. 1-1, filed Mar. 21, 2023; Memorandum of Points and Authorities in Support of Petitioner Hernandez-Bourdier's *[sic]* Title 28 USC Section 2255 Petition at 3-7, docket no. 1-2, filed Mar. 21, 2023.

[11] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 28 in Criminal Case, filed Aug. 3, 2020; Statement by Defendant in Advance of Plea of Guilty at 2, 5, docket no. 30 in Criminal Case, filed Aug. 6, 2020.

[12] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 35 in Criminal Case, filed Oct. 14, 2020; Presentence Investigation Report at 1, ¶ 6 at 3, ¶ 65 at 10, ¶ 67 at 10, ¶ 92 at 13-14, docket no. 33 in Criminal Case, filed under seal Oct. 5, 2020; Judgment in a Criminal Case at 2, 5, docket no. 36 in Criminal Case, filed Oct. 15, 2020.

[13] Minute Entry for Proceedings Held Before Judge David Nuffer.

[14] Judgment in a Criminal Case.

[15] Statement by Defendant in Advance of Plea of Guilty at 3-4.

[16] *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

[17] Fed. R. App. P. 4(b)(1)(a)(i).

Calculating 14 days from the entry of judgment on October 15, 2020,[18] Mr. Ortez's judgment of conviction became final on October 29, 2020. Mr. Ortez filed his § 2255 Motion nearly two and a half years later on March 21, 2023. Therefore, Mr. Ortez's § 2255 Motion is untimely, and his claims are barred by § 2255's one-year limitation period.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Ortez's § 2255 Motion[19] is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings is DENIED.

The Clerk is directed to close the case.

Signed May 1, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[18] Judgment in a Criminal Case.

[19] Docket no. 1, filed Mar. 21, 2023.